# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-185(1) (SRN/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| Ronald Jermaine Jackson (1), | |
| Defendant. | |

Justin A. Wesley, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government); and

Lauren Campoli, Lauren Campoli PLLC, 900 IDS Center, 80 South Eighth Street, Minneapolis MN 55402 (for Defendant Ronald Jermaine Jackson).

This matter is before the Court, United States Magistrate Judge Katherine M. Menendez, on the parties' non-dispositive pretrial motions. The Court held a hearing on September 12, 2019. (ECF No. 69). Based upon the record, motions and memoranda, and the arguments of counsel at the hearing and in their respective filings, **IT IS HEREBY ORDERED** as follows:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, (ECF No. 33), is **GRANTED** as follows: The Government seeks discovery pursuant to pursuant to Fed. R. Crim. P. 12.1, 12.2, 12.3, 16, and 26.2. Defendant has not objected to the motion. Therefore, the Government's motion is granted; Defendant shall comply with his obligations under the Federal Rules of Criminal Procedure. With respect to timing of expert disclosures, the specific ruling below on Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) Evidence, (ECF No. 59), controls.

2. Defendant's Motion for Disclosure of Rule 404(b) Evidence, (ECF No. 54), is **GRANTED** as follows: Defendant requests disclosure of "bad act" or "similar course of conduct" evidence the Government intends to offer at trial at least two weeks prior to trial. The Government agrees with the time frame, but objects to disclosure of any acts intrinsic to the offense charged. The Government is required to provide notice of any evidence that it intends to introduce pursuant to FRE 404(b) by no later than two weeks prior to trial. In addition, the Government must disclose any evidence about which the Defendant is reasonably likely to dispute whether it is intrinsic or extrinsic in nature so that the matter may be litigated before trial.

3. Defendant's Motion for Release of Brady Materials, (ECF No. 56), is **GRANTED** as follows: Defendant seeks evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and all its progeny. The Government indicates it is aware of its obligations under these authorities and has represented to the Court that it has and will continue to comply with said obligations. Therefore, within 10 days of the date of this Order the Government must disclose all *Brady* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady* information not previously disclosed. The fact that certain exculpatory evidence would otherwise be subject to a later disclosure deadline by virtue of Jencks Act, FRE 404(b), or the rules related to expert discovery does not relieve the Government of the burden of disclosing such evidence immediately.

4. Defendant's Motion for Early Disclosure of Jencks Act Material, (ECF No. 58), is **DENIED** except as follows: Defendant seeks Jencks Act materials at least two weeks prior to trial. The Government objects to Court-ordered disclosure of Jencks Act materials but indicates it will provide Jencks materials no later than three days prior to trial. Although the Court acknowledges that it cannot order early disclosure under the Jencks Act, the Court strongly encourages the Government to engage in open-file discovery whenever possible and to disclose Jencks Act material as soon as practicable.

5. Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G) Evidence, (ECF No. 59), is **GRANTED** as follows. Defendant seeks an order directing the disclosure of expert witness information including a written summary describing the witnesses' opinions, basis and reasons therefore, and qualifications. The Government requests a 14-day disclosure deadline. (ECF No. 33). The Court concludes 14 days is reasonable. Therefore, no later than 14 days prior to trial, the parties shall provide expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G); Fed. R. Crim. P. 16 advisory committee's notes, 1993

Amendments ("Although no specific timing requirements are included, it is expected that the parties will make their requests and disclosures in a timely fashion."). Any rebuttal expert must be disclosed no later than 7 days prior to trial.

6. Defendant's Motion for Government Agents to Retain Rough Notes, (ECF No. 60), is **GRANTED** as follows. Defendant seeks an order directing any law enforcement agent, including any confidential reliable informant, involved in this case to "retain and preserve" all rough notes pertaining to this matter. The Government does not object. Accordingly, any law enforcement agent, including informants, shall retain and preserve rough notes related to this matter.

7. Defendant's Motion for Discovery and Inspection of Products and Records of Electronic Surveillance, (ECF No. 61), is **GRANTED** as follows. Defendant seeks disclosure of all electronic surveillance. The Government represents it is unaware of any such electronic evidence. Accordingly, to the extent any exists, the Government shall disclose records of electronic surveillance pertaining to this matter.

Dated: November 26, 2019

*s/ Katherine M. Menendez*
Katherine M. Menendez
United States Magistrate Judge
District of Minnesota

*United States v. Jackson (1)*
Case No. 19-cr-185(1) (SRN/KMM)