# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-185(1) (SRN/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| Ronald Jermaine Jackson (1), | |
| Defendant. | |

Justin A. Wesley, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government); and

Lauren Campoli, Lauren Campoli PLLC, 900 IDS Center, 80 South Eighth Street, Minneapolis MN 55402 (for Defendant Ronald Jermaine Jackson).

This matter is before the Court, United States Magistrate Judge Katherine M. Menendez, on Ronald Jackson's Motion for Signed Indictment. (ECF No. 106). Mr. Jackson requests the signed copy of the indictment pursuant to Rule 7(c)(1), which the Government has not provided for privacy concerns. The Court grants the motion in part and denies it in part.

"The Federal Rules of Criminal Procedure state that indictments are to be signed by both the foreperson of the grand jury and by an attorney for the government." *United States v. Morse*, 613 F.3d 787, 793 (8th Cir. 2010) (citing Fed. R. Crim. P. 6(c) ("The foreperson . . . will sign all indictments."); Fed. R. Crim. P. 7(c)(1) ("The indictment . . . must be signed by an attorney for the government.")). The presence of "signatures on the indictment, however, are a formality, and even the lack of signatures

would not render an indictment invalid." *Morse*, 613 F.3d at 793; *Hobby v. United States*, 468 U.S. 339, 345 (1984) ("Even the foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment.").

Here, the Government cites Rule 6(c) to argue that privacy concerns related to the grand jury foreperson's identity foreclose disclosure of the signed indictment to Mr. Jackson and his counsel. True, it is established practice in this District to file an unsigned copy of the indictment on the public docket to protect the secrecy of grand jury proceedings. *See, e.g.*, *United States v. Spencer*, Case No. 14-cr-322 (SRN/TNL), 2015 WL 5008968, at *8 (D. Minn. Aug. 18, 2015); *United States v. Riley*, Case No. 09-cr-98 (PJS/RLE), 2009 WL 1954633, at *6 (D. Minn. July 6, 2009); *see also United States v. Mariner*, 2012 WL 6082720, at *7 (D.N.D. Dec. 4, 2012). But Mr. Jackson does not request in his motion the *grand jury foreperson's* signature on the signed indictment, he requests *the prosecutor's* signature as required by Rule 7. The Government has made no argument why it cannot or should not provide its own signature to Mr. Jackson.

To the extent Mr. Jackson requests the grand jury foreperson's signature, it is denied. The Court has reviewed its copy of the indictment signature page. (ECF No. 2-1). It is signed both by the United State's Attorney's Office and the grand jury foreperson. (ECF No. 2-1). *See Spencer*, 2015 WL 5008968, at *8 (reviewing case file for signature); *United States v. Hunter*, Case No. 12-cr-185(3) (ADM/FLN), 2013 WL 593413, at *2 (D. Minn. Feb. 14, 2013) (same); *Mariner*, 2012 WL 6082720, at *8 (same). Thus, the Court

concludes the indictment complies with the signature requirement of both Rules 6(c) and 7(c)(1).

Therefore, based upon the record, motion, and the arguments of counsel in their respective filings, **IT IS HEREBY ORDERED** that Ronald Jackson's Motion for Signed Indictment, (ECF No. 106), is **GRANTED IN PART and DENIED IN PART** as follows: the Government shall provide Mr. Jackson's counsel a copy of the signed indictment that shows the prosecutor's signature. The grand jury foreperson's signature shall be redacted.

Dated: January 29, 2020                     *s/ Katherine M. Menendez*
                                            Katherine M. Menendez
                                            United States Magistrate Judge
                                            District of Minnesota