## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-185(1) (SRN/KMM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Ronald Jermaine Jackson (1), | |
| Defendant. | |

Justin A. Wesley, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis MN 55415 (for the Government); and

Ronald Jermaine Jackson, Sherburne County Jail, 13880 Business Center Drive Northwest, Elk River MN 55330 (*pro se* Defendant); and Lauren Campoli, Lauren Campoli PLLC, 900 IDS Center, 80 South Eighth Street, Minneapolis MN 55402 (standby counsel for Defendant Ronald Jermaine Jackson).

This matter is before the Court, United States Magistrate Judge Katherine M. Menendez, on Ronald Jackson's Motion to Dismiss Indictment. (ECF No. 169). Mr. Jackson asserts he is being detained unlawfully and that the indictment must be dismissed. Mr. Jackson appears to disagree with the Court's previous ruling relating to his request for the signed copy of the indictment pursuant to Rule 7(c)(1). (*See* January 29, 2020 Order, ECF No. 121). The parties have provided several rounds of briefing on Mr. Jackson's motion. (ECF Nos. 180, 185).

Mr. Jackson raises several concerns. First, Mr. Jackson asserts that since he was not provided a signature of the jury foreperson, there must have been no grand jury proceedings in this matter. Mr. Jackson also asserts that the signed indictment he received is a "complete

fraud" because (1) there is no docket number; (2) the stamp says it was scanned on July 16, 2019 but that is impossible since his motion for the signed indictment was filed January 20, 2020; (3) the redaction is fraudulent; and (4) that only the United States Attorney, not an Assistant United States Attorney, may sign an indictment. All of Mr. Jackson's arguments lack merit.

As this Court previously explained in the January 29, 2020 Order, the "Federal Rules of Criminal Procedure state that indictments are to be signed by both the foreperson of the grand jury and by an attorney for the government." *United States v. Morse*, 613 F.3d 787, 793 (8th Cir. 2010) (citing Fed. R. Crim. P. 6(c), 7(c)(1)). It is established practice in this District to file an unsigned copy of the indictment on the public docket to protect the secrecy of grand jury proceedings. *See, e.g.*, *United States v. Spencer*, Case No. 14-cr-322 (SRN/TNL), 2015 WL 5008968, at *8 (D. Minn. Aug. 18, 2015); *United States v. Riley*, Case No. 09-cr-98 (PJS/RLE) , 2009 WL 1954633, at *6 (D. Minn. July 6, 2009); *see also United States v. Mariner*, 2012 WL 6082720, at *7 (D.N.D. Dec. 4, 2012).

In ruling on Mr. Jackson's previous motion, the Court reviewed its copy of the indictment signature page, which is on the docket but under seal. (ECF No. 2-1). It is signed both by the United States Attorney's Office and the grand jury foreperson. (ECF No. 2-1). *See Spencer*, 2015 WL 5008968, at *8 (D. Minn. Aug. 18, 2015) (reviewing case file for signature); *United States v. Hunter*, Case No. 12-cr-185(3) (ADM/FLN), 2013 WL 593413, at *2 (D. Minn. Feb. 14, 2013) (same); *Mariner*, 2012 WL 6082720, at *8 (same). The Court concluded that the indictment complies with the signature requirement of both Rules

6(c) and 7(c)(1). Nothing in Mr. Jackson's motion or recent filings alters the Court's conclusion in the January 29, 2020 Order.

The presence of "signatures on the indictment, however, are a formality, and even the lack of signatures would not render an indictment invalid." *Morse*, 613 F.3d at 793; *Hobby v. United States*, 468 U.S. 339, 345 (1984) ("Even the foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment."). So even if the indictment did not contain a signature from the grand jury foreperson as Mr. Jackson asserts, it would remain a valid charging instrument. But contrary to Mr. Jackson's assertion, the indictment was signed by the grand jury foreperson and docketed on July 16, 2019. And the fact that Mr. Jackson has not been permitted to see the grand jury foreperson's signature by operation of the Court's January 29, 2020 Order does not equate to some factual or legal fiction that the grand jury proceedings never took place.

Nor does the Court view any errors in the redacted indictment provided to Mr. Jackson. (ECF No. 159, at 5). The redacted copy matches the original filed on the docket on July 16, 2019, save for the redaction of the grand jury foreperson's signature as required by the Court's January 29, 2020 Order. (January 29, 2020 Order) (ordering that "the Government shall provide Mr. Jackson's counsel a copy of the signed indictment that shows the prosecutor's signature. The grand jury foreperson's signature shall be redacted."). A redaction in white and the words "SIGNATURE REDACTED," as compared to a redaction in full blackout that Mr. Jackson claims is necessary, does not render a redaction or the indictment fraudulent.

As to the government attorney's signature, Mr. Jackson cites to no authority that requires the United States Attorney, rather than an Assistant United States Attorney, to sign an indictment. The rule only requires that the indictment "be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1). Charles Kovats, who signed the indictment, (ECF No. 169-1), is an attorney for the government given his position as an Assistant United States Attorney. Accordingly, Rule 7(c)(1) is satisfied.

Mr. Jackson claims that he must know the grand jury foreperson to be able to mount a challenge to the legal qualification of a grand juror. True, a "defendant may challenge the grand jury on the ground that it was not lawfully drawn, summoned, or selected, and may challenge an individual juror on the ground that the juror is not legally qualified." Fed. R. Crim. P. 6(b)(1). But the secrecy of the grand jury remains unless the Court authorizes disclosure, *inter alia*, "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). A defendant must demonstrate a particularized need for the information; that is, a demonstrative of specific evidence of prosecutorial overreaching. *United States v. Finn,* 919 F. Supp. 1305, 1326 (D. Minn. 1995) (citations omitted). Mr. Jackson has made no such showing, nor are any apparent from the proceedings thus far.

Finally, in his responsive briefing, Mr. Jackson asserts that without a judge's signature on the indictment, no probable cause exists to charge him. (ECF No. 185, at 2). The grand jury holds the "singular role in finding the probable cause necessary to initiate a prosecution for a serious crime." *Kaley v. United States*, 571 U.S. 320, 328 (2014); *see also United States v. Allen*, 406 F.3d 940, 946 (8th Cir. 2005) (en banc). There is no

4

requirement that a grand jury indictment be signed by a judge. Rather, as discussed already, it need only be signed by the grand jury foreperson and an attorney for the government, as it has here. And a proper indictment "conclusively determines the existence of probable cause." *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975) (quotations omitted); *United States v. Thompson*, 2010 WL 2629401, at *1–*2 (D. Minn. June 2, 2010), *report and recommendation adopted by* 2010 WL 2629398, at *1 (D. Minn. June 28, 2010). Again, Mr. Jackson's assertion that various signature requirements necessitate a finding that the indictment issued by the grand jury is invalid lack support in law and fact.

Therefore, based upon the record, motion, and the arguments of counsel in their respective filings, **IT IS HEREBY RECOMMENDED** that Ronald Jackson's Motion to Dismiss Indictment, (ECF No. 169), be **DENIED**.

Dated: April 30, 2020                                      */s Katherine M. Menendez*
                                                                       Katherine M. Menendez
                                                                       United States Magistrate Judge
                                                                       District of Minnesota

                                                                       *United States v. Jackson (1)*
                                                                       Case No. 19-cr-185(1) (SRN/KMM)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.