UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>(1) RONALD JERMAINE JACKSON,<br>(2) WILLIAM CHARLES GRAHAM,<br><br>Defendants. | Case No. 19-CR-0185 (SRN/KMM)<br><br><br>**ORDER** |

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on the Government's Motion in Limine seeking a ruling on the admissibility of certain evidence under Rule 404(b) of the Federal Rules of Evidence [Doc. No. 145]. For the reasons set forth below, the Court **DENIES as moot in part** and **GRANTS in part** the Government's Motion in Limine.

I.   BACKGROUND

The Government alleges that in April 2019, Jackson and Graham robbed a T-Mobile store in Brooklyn Park, Minnesota, donning wigs, dust masks, and reflective vests. (Motion in Limine by USA [Doc. No. 145] at 3.) It is alleged that Jackson had a pistol and Graham had a BB gun that resembled a real gun. (*Id.*) They forced two employees into the back room where Graham restrained the employees with zip ties, while Jackson filled four mesh bags with cell phones. (*Id.*) They then fled the store with over 70 cell phones and other devices. (*Id.*)

1

Based on this alleged incident, Jackson and Graham each face one count of Interference with Commerce by Robbery, 18 U.S.C. §§ 2 and 1951, and one count of Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii). (Indictment [Doc. No. 1] Counts 1 & 2.)

The Government has moved the Court to allow evidence of Jackson's prior conviction from 2014 and Graham's prior convictions from 2014 and 2015. (*See* Motion in Limine by USA [Doc. No. 145].) The Government, however, has withdrawn its request to seek the admission of evidence related to Graham's 2014 conviction. Therefore, the Court denies as moot the Government's motion to the extent that it seeks to admit Rule 404(b) evidence relating to Graham's 2014 conviction. Accordingly, the Court only considers whether the Government may admit Rule 404(b) evidence related to Jackson's 2014 conviction and Graham's 2015 conviction.

Jackson's 2014 and Graham's 2015 convictions for kidnapping arose from the same September 2013 incident. The Government contends that Jackson and Graham approached a cell phone store manager outside of his home, used either a real or fake pistol to coerce the manager to comply, restrained the manager using zip ties, placed him in the trunk of their car, and attempted to drive him to the cell phone store to steal from it. (Motion in Limine by USA [Doc. No. 145] at 1-2.)

## II.   DISCUSSION

Evidence of prior bad acts may not be used to prove character or propensity toward criminal activity. Fed. R. Evid. 404(b)(1). Such evidence, however, may be used to prove

2

"motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

A district court may allow evidence of prior bad acts if (1) it is relevant to a material issue raised at trial, (2) it is similar in kind and not overly remote in time to the crime charged, (3) it is supported by sufficient evidence [that the defendant committed the other act], and (4) the potential prejudice does not substantially outweigh the probative value. *United States v. Robinson*, 639 F.3d 489, 494 (8th Cir. 2011). The Eighth Circuit "consider[s] 404(b) a rule of inclusion, permitting admission of such evidence unless it tends to prove only the defendant's criminal disposition." *United States v. O'Connell*, 841 F.2d 1408, 1422 (8th Cir. 1988) (citing *United States v. Wagoner*, 713 F.2d 1371, 1375 (8th Cir. 1983)).

Thus, the Court analyzes whether the Rule 404(b) evidence is admissible by applying the Eighth Circuit's four-prong test as articulated in *Robinson*.

### A. Prong 1: Relevance to Material Issue

The Government argues that Jackson's 2014 and Graham's 2015 kidnapping convictions are relevant because, in the September 2013 incident, both defendants were present, a firearm—or look-alike—was used to gain the victim's compliance, the victim was a cell phone store manager, and the goal of the crime was to steal cell phones. (Motion in Limine by USA [Doc. No. 145] at 5.) The Government emphasizes that the September 2013 incident involved both Defendants working together to commit the same crime that they are charged with in the present case. (*Id.*) The Government contends that these facts help establish the identity of the masked intruders in the present case, Defendants' intent

3

to coerce the managers into compliance by brandishing a firearm (or look-alike), and Defendants' knowledge that brandishing a firearm (or look-alike) would have the desired effect. (*Id.* at 6.) Additionally, the Government argues that this evidence helps to prove motive because the evidence shows Defendants believe they can obtain money through stolen cell phones. (*Id.*) Finally, according to the Government, the evidence—particularly that of the use of zip ties and a weapon, the targeting of a cell phone store, and the Defendants' partnership—demonstrates Defendants' preparation for the present offenses and common scheme or plan to unlawfully obtain cell phones. (*Id.*)

Jackson and Graham have not responded to the Government's motions.

The Court find that Jackson's and Graham's prior convictions in 2014 and 2015, respectively, are admissible to prove intent and knowledge. When a defendant generally denies the charged offense, he puts his mental state in controversy, and evidence of prior convictions can be used to prove knowledge and intent. *United States v. Shelledy*, 961 F.3d 1014, 1022 (8th Cir. 2020). Additionally, "the government may introduce evidence of the defendant's earlier wrongs in its case-in-chief without waiting for the defendant to contest the issue of intent." *United States v. Burkett*, 821 F.2d 1306, 1309 (8th Cir. 1987). Accordingly, the Government can admit the fact of the convictions to prove knowledge and intent.

Further, the Court finds that the convictions are admissible to prove identity. "When the conduct involved in a prior act and in the charged offense is characterized by a unique set of 'signature facts,' then evidence of the prior act is admissible to show that the same person committed both crimes." *United States v. Oman*, 427 F.3d 1070, 1075 (8th Cir.

4

2005) (quoting *United States v. Carroll*, 207 F.3d 465 (8th Cir. 2000)). "To admit evidence on a signature facts or modus operandi theory, the trial court must make a threshold determination that a reasonable juror could find from a comparison of the facts that the same person committed both crimes." *Id.* "In making this determination, the court should consider both the distinctiveness of the facts that make the crimes unique and the distance between the crimes in space and in time." *Id.* Here, the alleged shared facts are distinctive: both defendants were present, a firearm—or look-alike—was used to gain the victim's compliance, the victim was a cell phone store manager, and the goal of the crime was to steal cell phones from a store. The convictions are not too distant in time because the conduct underlying them only occurred six years before the conduct at issue in this case. *See Oman*, 427 F.3d at 1075. Accordingly, a reasonable fact finder could conclude that the same person committed the past crimes and the charged crimes. The Government can therefore seek the admission of convictions to prove identity.

The convictions are also admissible to prove motive because they tend to show that Jackson and Graham know or believe that they can obtain value through taking cell phones from stores.

The convictions are also admissible to prove preparation and a common scheme or plan. Here, the alleged shared evidence—especially the use of zip ties to restrain the victim, the use of a weapon or look-alike, targeting an employee of a cell phone store and the store itself, and the partnership between Defendants—demonstrates Defendants' preparation and that they used a common scheme or plan to commit similar crimes.

5

Accordingly, Jackson's 2014 and Graham's 2015 kidnapping convictions are admissible as relevant to identity, intent, knowledge, motive, preparation, and plan under Rule 404(b).

### B.  Prong 2: Similar in Kind and Not Overly Remote

Jackson's and Graham's kidnapping convictions are similar in kind to the allegations involving the present offenses. "When admitted for the purpose of showing intent, the prior acts need not be duplicates, but must be sufficiently similar to support an inference of criminal intent." *United States v. Burkett*, 821 F.2d 1306, 1309 (8th Cir. 1987). The underlying facts are similar: both defendants were present, a firearm—or look-alike—was used to gain the victim's compliance, the victim was a cell phone store manager, and the goal of the crime was to steal cell phones. Therefore, the underlying conduct is "sufficiently similar to support an inference of criminal intent." Accordingly, the convictions are similar in kind to the charged crimes.

Additionally, the kidnapping convictions are not overly remote. *See, e.g.*, *United States v. Gant*, 721 F.3d 505, 510 (8th Cir. 2013) (twelve-year-old conviction not overly remote); *United States v. Gaddy*, 532 F.3d 783, 789 (8th Cir. 2008) (eleven-year-old conviction not overly remote).

### C.  Prong 3: Supported by Sufficient Evidence

Rule 404(b) evidence must be supported by sufficient evidence, *United States v. Tyerman*, 701 F.3d 552, 563 (8th Cir. 2012), which is satisfied here because these offenses resulted in criminal convictions.

### D. Prong 4: Rule 403 Considerations

Any potential prejudice of admitting limited evidence of the convictions would not substantially outweigh the probative value. "Damaging evidence is always prejudicial; the question is whether the evidence is *unfairly* prejudicial." *United States v. Tyerman*, 701 F.3d 552, 563 (8th Cir. 2012) (citing Fed. R. Evid. 403). These convictions do not involve shocking conduct that would unfairly prejudice the Defendants. Moreover, the Government represents that it intends to introduce the evidence through redacted plea colloquies from Jackson's prior criminal proceedings on March 10, 2014, before Hennepin County Judge Martha Holton Dimick and from Graham's prior criminal proceedings on September 23, 2015, before Hennepin County Judge Tamara Garcia, which should limit potential prejudice. (*See* Government's Ex. 199 (Jackson's redacted plea colloquy); Government's Ex. 200 (Graham's redacted plea colloquy); Motion in Limine by USA [Doc. No. 145] at 7.) Additionally, because this case involves a bench trial, rather than a jury trial, the Court is able to assess the evidence properly, thus mitigating any prejudice. *See United States v. DNRB, Inc.*, 895 F.3d 1063, 1068 (8th Cir. 2018) ("we presume that a judge conducting a bench trial will use [Rule 404(b)] evidence properly, mitigating any prejudice.") Accordingly, this prong also supports the admission of Rule 404(b) evidence.

Because the Government satisfied *Robinson*'s four prongs, it may seek the admission of Jackson's 2014 and Graham's 2015 kidnapping convictions as Rule 404(b) evidence to prove identity, intent, knowledge, motive, preparation, and plan.

### III.  CONCLUSION

Based on the foregoing, and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Motion in Limine relating to the use of Rule 404(b) evidence [Doc. No. 145] is **DENIED as moot in part** and **GRANTED in part**.

**IT IS SO ORDERED.**


Dated: September 24, 2020                           s/Susan Richard Nelson
                                                    SUSAN RICHARD NELSON
                                                    United States District Judge