UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Ronald Jermaine Jackson (1), and<br>William Charles Graham (2)<br><br>Defendants. | Case No. 19-cr-185 (SRN/KMM)<br><br><br>**ORDER** |

Amber M. Brennan and Justin A. Wesley, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Ronald Jermaine Jackson, Sherburne County Jail, 13880 Business Center Dr. NW, Elk River, MN 55330, Pro Se.

William Charles Graham, Sherburne County Jail, 13880 Business Center Dr. NW, Elk River, MN 55330, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on several pro se requests for reconsideration for release filed by Defendant Ronald Jermaine Jackson [Doc. Nos. 445, 448] and Defendant William Charles Graham [Doc. Nos. 444, 449], along with a Request for Judgment of Acquittal filed by Mr. Graham [Doc. No. 387].  Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **DENIES** the requests.

**I.      BACKGROUND**

In July 2019, the Government charged Mr. Jackson and Mr. Graham with two crimes: (1) Interference with Commerce by Robbery, and (2) Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence. (Indict. [Doc. No. 1].) The Court conducted a bench trial in this matter on September 22, 2020 through September 24, 2020, in St. Paul, Minnesota. On October 2, 2020, the Court issued its Findings of Fact, Conclusions of Law, and Order for Convictions [Doc. No. 258], finding Mr. Jackson and Mr. Graham guilty on both counts. They are currently held in detention, and are awaiting sentencing in June 2021.

**II.     DISCUSSION**

   **A.     Mr. Graham's Pro Se Request for Judgment of Acquittal**

In Mr. Graham's Pro Se Request for Judgment of Acquittal, he reasserts a number of arguments for which the Court has previously denied relief. For the following reasons, Mr. Graham argues that he should be acquitted of the charges for which he was convicted: (1) he has been unconstitutionally deprived of his liberty; (2) he was deprived of his right to an evidentiary hearing on February 19, 2020; (3) he was charged pursuant to an unlawful indictment; (4) he has been subjected to cruel and unusual punishment and involuntary servitude; and (5) he was not fully informed of the nature and cause of the criminal accusations.[1] (Graham Request for Acquittal [Doc. No. 387] at 1–9.) The Court addresses these arguments in turn.

---

[1]     The Court notes that Mr. Graham and Mr. Jackson hold certain "Sovereign Citizen" views, in which they challenge governmental authority, *see United States v. Graham*, 452

2

First, Mr. Graham has been validly detained, and has suffered no constitutional violation. In July 2019, the Court held a detention hearing, at which Mr. Graham was represented by counsel. (July 23, 2019 Minutes [Doc. No. 24]. In light of the charges against Mr. Graham, there was a rebuttable presumption in favor of detention. (July 25, 2019 Order [Doc. No. 28] ¶ 1.) Even if he had rebutted the presumption, the magistrate judge found that no condition or combination of conditions would ensure the safety of the community if Mr. Graham were released, and releasing Mr. Graham would create a risk of his nonappearance. (*Id.* ¶ 6.) Later, when Mr. Graham was self-represented, he sought reconsideration of detention [Doc. No. 166] in light of the COVID-19 Pandemic. The Court fully considered his arguments, but denied his request, finding that the pandemic did not present a change in circumstance that supported reopening the detention hearing under 18 U.S.C. § 3142(f), nor was it an exceptional reason that made his continued detention inappropriate under 18 U.S.C. § 3145(c). (April 7, 2020 Order [Doc. No. 183] at 10–14.) The Court also rejected Mr. Graham's argument that his continued confinement violated the Eighth Amendment's prohibition against cruel and unusual punishment. (*Id.* at 14.) Following his conviction, Mr. Graham has validly remained in detention.

---

F. Supp. 3d 871, 880 n.2 (D. Minn. 2020) (describing "Sovereign Citizen" movement, generally), as well as the "unauthorized" use of their names. (*See, e.g.*, Graham's "Pro Se Copyright Notice" [Doc. No. 280].)

Second, the Court did not deprive Mr. Graham of any "right" to a February 19, 2020 hearing.[2] Rather, in lieu of a hearing, on February 10, 2020, Magistrate Judge Menendez ruled on the parties' non-dispositive pretrial motions on the papers, in a detailed, six-page order that fully explained the bases for her rulings. (Feb. 10, 2020 Order [Doc. No. 130].) She observed that Mr. Graham had challenged his detention through various filings, including a motion for a detention hearing [Doc. No. 127], in which he asserted that there was no properly drawn Fourth Amendment warrant, that he was detained without a warrant and a true bill returned by a grand jury, and that he was not a "person," as defined in government statutes. (Feb. 10, 2020 Order ¶ 4.) Magistrate Judge Menendez found that Mr. Graham failed to identify any new information that would justify the reopening of his detention hearing on February 19, 2020, but instead continued to assert meritless arguments. (*Id.*) Accordingly, she denied his request to alter his detention or to hold a detention hearing on these already-rejected arguments. (*Id.*) Accordingly, the February 19, 2020 hearing was canceled. (*Id.*) Subsequently, Mr. Graham challenged the magistrate judge's pretrial rulings, which the Court affirmed. (Feb. 27, 2020 Order [Doc. No. 141].) The Court finds no violation of any "right" to a hearing on February 19, 2020.

Third, the Court has repeatedly ruled that Mr. Graham was charged pursuant to a valid indictment. (*See, e.g.*, Jan. 15, 2021 Order [Doc. No. 363] at 10; June 12, 2020 Order

---

[2] The Court notes that an evidentiary hearing was held in this case on September 12, 2019 [Doc. No. 69].

4

[Doc. No. 211] at 4–8; June 18, 2020 Order [Doc. No. 213] at 3–4.) The Court's prior determinations remain unchanged.

Fourth, the Court has likewise previously ruled on Mr. Graham's claims of "involuntary servitude," construing them as challenges to his detention and/or his right to a speedy trial, and finding no such violations. (Jan. 15, 2021 Order at 19–20, n.5.) For the same reasons set forth in the Court's January 15, 2021 Order, the Court finds no such violations here.

Fifth, there can be no doubt that Mr. Graham was fully informed of the nature of the charges against him through a valid indictment and numerous proceedings in which he demonstrated his full understanding of the charges, including trial, where he represented himself.

Accordingly, for all of the foregoing reasons, the Court denies Mr. Graham's Request for Judgment of Acquittal.

### B. Requests for Reconsideration for Release

In their Requests for Reconsideration for Release,[3] Mr. Jackson and Mr. Graham request that the Court grant their immediate release. (Jackson Request for Reconsid. Release [Doc. No. 445] at 1; Graham Request for Reconsid. Release [Doc. No. 444] at 1.) They state that there is nothing "in the language of the Constitution" requiring that they "be held to answer," and therefore, they are "entitled to be discharged." (*Id.*)

---

[3]   Although originally filed as "Petitions for Release," Mr. Jackson and Mr. Graham subsequently amended the title of their respective petitions to "Request[s] for Reconsideration for Release" [Doc. Nos. 446 & 447].

In their related Requests to Expedite Consideration for Release, Mr. Jackson and Mr. Graham seek to reopen their detention hearings based on changed circumstances. (Jackson Request to Expedite Release [Doc. No. 448] at 1; Graham Request to Expedite Release [Doc. No. 449] at 1.)  The material change in circumstances, they assert, "is that there is no controversy on both the private and public side," and no dispute for the Court to entertain.  (*Id.*)

Mr. Jackson and Mr. Graham provide no valid legal grounds that support release, let alone a change in circumstances that supports reopening their detention hearings.  They have been validly charged, detained, convicted, and are awaiting sentencing.  Their Requests for Reconsideration for Release and Requests to Expedite Consideration for Release are therefore denied.

### III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Mr. Jackson's Pro Se Request for Reconsideration for Release [Doc. No. 445] is **DENIED**;

2. Mr. Jackson's Pro Se Request to Expedite Consideration for Release [Doc. No. 448] is **DENIED**;

3. Mr. Graham's Pro Se Request for Judgment of Acquittal [Doc. No. 387] is **DENIED**;

4. Mr. Graham's Pro Se Request for Reconsideration for Release [Doc. No. 444] is **DENIED**;

5. Mr. Graham's Pro Se Request to Expedite Consideration for Release [Doc. No. 449] is **DENIED**.

Dated: April 22, 2020                                              s/Susan Richard Nelson
                                                                        SUSAN RICHARD NELSON
                                                                       United States District Judge